United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 9, 2004**

Charles R. Fulbruge III
Clerk

REVISED OCTOBER 11, 2004

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-70039
_____

DONALD LOREN ALDRICH

                                        Plaintiff-Appellant,
                    versus

GARY JOHNSON, Executive Director, Texas Department of Criminal
                    Justice, et. al.,
                                        Defendants-Appellees.
_____

            Appeal from the United States District Court
                for the Southern District of Texas
                        Houston Division
_____

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:

    Appellant Donald Aldrich appeals dismissal of his lawsuit
under 42 U.S.C. §1983 alleging violation of the Eighth and
Fourteenth Amendments challenging the constitutionality of Texas's
execution protocol.  The district court dismissed Aldrich's action
for failure to state a claim upon which relief may be granted.  We

1

AFFIRM the district court's dismissal of Aldrich's action on alternate grounds.[1]

In Nelson v. Campbell, the Supreme Court first recognized a capital defendant's right to challenge the method of his execution under 28 U.S.C. §1983 even after the defendant's claims for habeas relief had been denied.[2] Because Aldrich does not meet the requirements set forth in Nelson to be eligible for such relief, however, we conclude that the district court properly dismissed his claim.

In Nelson, the petitioner alleged that Alabama officials proposed to use a "cut-down" procedure requiring an incision into his arm or leg to access his severely compromised veins.[3] The respondent state officers conceded at oral argument that "§ 1983 [was] an appropriate vehicle for an inmate...not facing execution to bring a 'deliberate indifference' challenge to the constitutionality of the cut-down procedure if used to gain venous access for purposes of providing medical treatment."[4] The Supreme Court observed that there was "no reason on the face of the

---

[1]Judges Jones and Stewart would also affirm based on Harris v. Johnson, 376 F.3d 414 (5th Cir. 2004), and on the exhaustion of administrative remedies requirement of the Prison Litigation Reform Act codified at 42 U.S.C. § 1997e(a).

[2]124 S. Ct. 2117 (2004).

[3]Id. at 2120.

[4]Id. at 2123.

complaint to treat petitioner's claim differently solely because he had been condemned to die."[5] Without reaching the question of how to categorize method-of-execution claims generally, the Court concluded that "[a] suit seeking to enjoin a particular means of effectuating a sentence of death does not directly call into question the 'fact' or 'validity' of the sentence itself—by simply altering its method of execution, the State can go forward with the sentence."[6]

Nelson had "been careful throughout the[] proceedings, in his complaint and at oral argument, to assert that the cut-down, as well as the warden's refusal to provide reliable information regarding the cut-down protocol, [were] wholly unnecessary to gaining venous access."[7] Moreover, he had alleged alternatives that, if they had been used, would have allowed the State to proceed with the execution as scheduled.[8] The Court concluded that "[i]f on remand and after an evidentiary hearing the district court conclude[d] that the use of the cut-down procedure...[was] necessary for administering the lethal injection, the district court [would] need to address the broader question, [left open by

_____

[5]Id. at 2123.

[6]Id. at 2123

[7]Id. at 2124 (emphasis omitted).

[8]Id.

3

the Supreme Court], of how to treat method-of-execution claims generally."[9]

Thus, the Court instructed that a court must "focus[] attention on whether petitioner's challenge to the [execution procedure] would *necessarily* prevent [the state] from carrying out its execution."[10] Consequently, if the petitioner seeks a stay of his execution, the district court must decide the determinative question of whether it is being requested to enjoin the execution, rather than merely to enjoin an allegedly unnecessary medical procedure that precedes the execution.

In the present case, Aldrich's § 1983 action challenges the constitutionality of the protocol that Texas will use to execute him, but he does not allege that there is any specific acceptable alternative method that the state could use, or that the proposed protocol is wholly unnecessary to the execution. Thus, contrary to the situation in <u>Nelson</u>, Aldrich's § 1983 claim challenging the constitutionality of that protocol and stay of its usage will effectively prevent the state from carrying out his execution. <u>Nelson</u>'s holding clearly requires that a capital defendant, in order to assert a §1983 method-of-execution claim, must allege that, because there are alternative methods of execution, the challenged protocol is wholly unnecessary to proceeding with the

[9]<u>Id.</u>

[10]<u>Id.</u> at 2125.

4

execution.[11]  Because Aldrich did not allege or show that there is any alternative to the protocol that the State proposes to use in his execution, the district court properly dismissed his §1983 action.

AFFIRMED.

---

[11]Id. at 2123-24.