Dan ROSS, as next friend of
Michael Ross, Plaintiff

v.

M. Jodi RELL, et al., Defendants

No. Civ.A.3:04 CV 2186 C.

United States District Court,
D. Connecticut.

Jan. 10, 2005.

sumably his business website) and he was ordered to remove them." R & R at 3.

Annette M. Lamoreaux, Connecticut Civil Liberties Union Foundation, Hartford, CT, Emanuel Margolis, Wofsey, Rosen, Kweskin & Kuriansky, Stamford, CT, for Plaintiff.

Harry David Weller, Jo Anne Sulik, Chief State Attorney Office, Rocky Hill, CT, Henri Alexandre, Steven R. Strom, Attorney General's Office, Hartford, CT, for Defendants.

### RULING ON PLAINTIFF'S MOTION TO PROCEED AS NEXT FRIEND

DRONEY, District Judge.

Dan Ross seeks to be appointed next friend of his son, Michael Ross, who has been sentenced to death by the State of Connecticut ("State") and whose execution is scheduled for January 26, 2005. If Dan Ross' motion to proceed as next friend is granted, he then seeks to pursue a civil complaint before this Court. That complaint, filed under 42 U.S.C. § 1983, alleges that Michael Ross' federal civil rights are being violated because the State of Connecticut's lethal injection protocol is constitutionally unacceptable for myriad reasons. Dan Ross argues that Michael Ross' execution according to the State's protocol would violate the Eighth Amend-

ment's prohibition of cruel and unusual punishment, as well as Michael Ross' substantive and procedural due process rights, as applied to the State of Connecticut through the Fourteenth Amendment to the Constitution. The Court held a hearing on the plaintiff's motion to proceed as next friend on January 7, 2005, in which Michael Ross and his attorney, T.R. Paulding, Jr., participated.[1]

For the reasons discussed below, Dan Ross' Motion to Proceed as Next Friend is denied for lack of standing.

## I. Legal Standard

■ A prisoner seeking to challenge the method of his execution, rather than the validity of the death sentence itself, may bring a suit challenging that method under 42 U.S.C. § 1983. A suit that seeks "to enjoin a particular means of effectuating a sentence of death does not directly call into question the 'fact' or 'validity' of the sentence itself" and therefore does not raise a challenge to a conviction more properly addressed by the federal habeas statute. *Nelson v. Campbell*, 541 U.S. 637, 124 S.Ct. 2117, 2123, 158 L.Ed.2d 924 (2004). The plaintiff here has not challenged the constitutionality of lethal injection in all cases, but only the specific pro-

tocol of drugs and attendant procedures used by the State of Connecticut as will be applied to Michael Ross. Therefore, the action properly may be construed as a section 1983 claim and not a petition for habeas corpus relief.[2]

In this case, however, it is not Michael Ross bringing a section 1983 action, but rather his father Dan Ross who seeks to litigate on his behalf as next friend. Michael Ross specifically has disclaimed any interest in pursuing this action, and argues that Dan Ross should not be permitted to pursue it on his behalf. Federal Rule of Civil Procedure 17 allows for next friend suits, but only on behalf of an "infant or incompetent person who does not have a duly appointed representative." In evaluating the ability of a next friend to bring suit on behalf of a convicted Death Row inmate in Arkansas, the Supreme Court held that "one necessary condition for 'next friend' standing in federal court is a showing by the proposed 'next friend' that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Whitmore v. Arkansas*, 495 U.S. 149, 165, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990).[3] Furthermore, "the

---

**1.** On the same day, the plaintiff filed an amended complaint [Doc. # 19], alleging that the State's protocol also violates Michael Ross' rights under two international treaties to which the United States is a party: Article Seven of the International Covenant on Civil and Political Rights, and Article Sixteen of the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment. Plaintiff's counsel agreed at argument that these new counts in the amended complaint do not affect the standing analysis at issue here.

**2.** The Fifth Circuit has interpreted *Nelson*, which did not reach "the difficult question of how to categorize method-of-execution claims generally," to mean that a prisoner may not use § 1983 to challenge the method of his

execution when such a challenge fails to allege "that there is any specific acceptable alternative method that the state could use" and would "effectively prevent the state from carrying out his execution." *Aldrich v. Johnson*, 388 F.3d 159, 161 (5th Cir.2004). Because Dan Ross has provided alternative drug combinations for lethal injection that he alleges would be constitutionally permissible, the Court distinguishes his complaint from that in *Aldrich* and holds that (should Ross satisfy the threshold question of standing) it would be allowed to proceed according to *Nelson*.

**3.** The other necessary condition, according to *Whitmore*, is that the proposed next friend "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate."

burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164, 110 S.Ct. 1717; *In re Zettlemoyer*, 53 F.3d 24, 28 (3d Cir.1995) (denying next friend intervention and dismissing habeas corpus petition filed on behalf of prisoner when petitioners "failed to prove that [prisoner] was incompetent" and when district court found prisoner had "knowingly, intelligently and voluntarily waived his right to proceed").[4]

## II. Discussion

■ The Court finds that Dan Ross has failed to meet his burden of showing that Michael Ross, the real party in interest, is unable to litigate his own claim, and therefore that it would not be justified to allow Dan Ross to proceed as next friend. The plaintiff has provided no affirmative evidence of incompetence, incapacity, or other disability suffered by Michael Ross.

While the plaintiff has alleged in his papers that "Michael Ross suffers from substantial mental diseases and/or defects which affect his ability to manage his affairs and 'care for himself,'" the only evidence offered by plaintiff to support that assertion is that by waiving his right to further appeal his death sentence, Michael Ross is endangering his health by committing "state-assisted suicide." *See* Motion to Proceed as Next Friend at 2. Whatever the wisdom of Michael Ross' decision to forgo additional appeals, that decision standing alone does not suffice to establish his incompetence. At the hearing on this motion, the plaintiff also made an evidentiary proffer to support his claim that Michael Ross was incompetent. Upon questioning by the Court, plaintiff's proffer appeared to contain no information not already in the public record and reviewed by the Court. While the proffered evidence provided information on Michael Ross' history of mental health treatment,

---

495 U.S. at 163, 110 S.Ct. 1717. The *Whitmore* court also suggested that a proposed next friend "must have some significant relationship with the real party in interest." *Id.* While the defendants have argued that this suit is not *actually* in Michael Ross' best interests, no party has suggested that Dan Ross does not see himself as "truly dedicated" to Michael Ross' best interests. As Michael Ross' father, Dan Ross also would satisfy *Whitmore's* suggested third requirement of having a significant relationship to the real party in interest. Therefore, the Court will focus its analysis on *Whitmore's* first, dispositive criterion.

4. The plaintiff has argued that the Court automatically should conduct a full evidentiary hearing under the reasoning of *In Re Cockrum*, 867 F.Supp. 484 (E.D.Tex.1994). *Cockrum* involved a death-sentenced prisoner who filed a state habeas petition, only to request shortly thereafter that his petition be withdrawn, that he be allowed to dismiss his lawyers, and that his execution be imposed summarily. *See id.* at 485. The district court, based on "these unusual facts," then conducted an evidentiary hearing to gauge Cockrum's

competence. The *Cockrum* court noted, however, that its "detailed analysis [was] not intended to imply that any habeas corpus applicant who wishes to waive further review of his sentence must present a reason for that decision which meets with a court's approval." *Id.* at 493. Michael Ross' situation differs from that of Cockrum in several respects. Cockrum filed a petition for a writ of habeas corpus, while his case is a section 1983 suit. Unlike Cockrum, Ross has not filed a lawsuit only to immediately seek its dismissal, nor has he engaged in any other pattern of making conflicting decisions which might lead the Court to question his competence *sua sponte*. Finally, while Cockrum sought to dismiss all his lawyers, Michael Ross continues to be represented by counsel in evaluating this and other legal issues related to his death sentence. Therefore, the Court distinguishes *Cockrum* from the case at issue, and holds that the *Whitmore v. Arkansas* framework for questioning a prospective litigant's competence and appointing a next friend more properly governs here.

it did not support a conclusion that he currently is incompetent. Michael Ross is not unable to litigate his own cause, as *Whitmore* requires; Michael Ross simply has chosen not to exercise his right to litigate.[5]

In addition, the Court makes an independent finding that Michael Ross is competent to proceed on his own behalf, and that the Court lacks a sufficient basis to appoint a next friend to litigate in his name. The Court has considered and applied many different standards of competence in determining which should apply in this action. Rule 17(b) of the Federal Rules of Civil Procedure provides that "the capacity of an individual ... to sue or be sued shall be determined by the law of the individual's domicile." That rule would seem to implicate Conn. Gen.Stat. § 45a–644(b)–(c). which allows the probate court to appoint a temporary or permanent conservator when a person is "found to be incapable of caring for himself," further defined as suffering from "a mental, emotional, or physical condition resulting from mental illness, mental deficiency, physical illness or disability, chronic use of drugs or alcohol, or confinement, which results in the person's inability to provide ... protection from physical abuse or harm and which results in endangerment to such person's health."

 Federal case law provides still other competency standards. There is the federal standard of competency to stand trial, which provides that a defendant may not be put to trial unless he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding ... [and] a rational as well as factual understanding of the proceedings against him." *See, e.g., Cooper v. Oklahoma,* 517 U.S. 348, 354, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996) (quoting *Dusky v. United States,* 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)). That standard also has been stated in the federal statutes as the ability to understand the nature and the consequences of the proceedings against one or to assist properly in one's defense. *See* 18 U.S.C. § 4241(a). There is also the "heightened" standard required of defendants seeking to waive their constitutional rights. That standard is not a competency inquiry into those defendants' mental capacities, but rather a determination that the waiver was made knowingly and voluntarily. The Supreme Court has defined a satisfactorily "knowing and voluntary" waiver as one where the trial court has determined that "the defendant actually *does* understand the significance and consequences of a particular decision" and that the decision is "uncocerced." *Godinez v. Moran,* 509 U.S. 389, 401, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993). And as discussed earlier, there is the standard set forth in *Whitmore v. Arkansas,* 495 U.S. 149, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990), that a next friend may not be appointed unless the real party in interest is shown to be "unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Id.* at 165, 110 S.Ct. 1717.

Michael Ross exceeds the threshold required by all of these standards. In coming to this conclusion, the Court has reviewed a number of materials, including Dr. Michael Norko's psychiatric evaluations of Michael Ross in 1995 and 2004;

---

5. In a separate case brought by Michael Ross' former public defenders, the Connecticut Supreme Court ordered that those lawyers be allowed to file a "written offer of proof in support of [their] claim that Michael Ross is not competent." *State of Connecticut v. Michael Ross,* No. SC–17335 (Order dated Jan. 7, 2005). That case involves different legal issues from the ones before this Court; based upon the record in this case, as well as the Court's own examination of Michael Ross, no similar written offer of proof is required here.

the affidavit filed by Michael Ross in the Connecticut Superior Court on October 6, 2004, in which he expressed his wish to forgo further appeals or other litigation pertaining to his death sentence; the transcripts of the proceedings before Judge Clifford in the Connecticut Superior Court on October 6, December 9, December 15, and December 28, 2004; and the transcripts of the proceedings before Judge Fuger in the Connecticut Superior Court on January 3, 2005. Finally, the Court has considered Michael Ross' participation in the hearing held on January 7, 2005.

Despite suffering from various psychological disorders, Michael Ross never has been found incompetent to stand trial or to waive his right to appeal. The Court's own observation of Michael Ross at the hearing of January 7, 2005 confirms that he is competent under these standards. He is capable of caring for himself; he is capable of consulting with his lawyer and understanding the legal and factual issues before him with a high degree of rational understanding; and he has made a knowing and voluntary waiver of his right to bring this action, one which was uncoerced and made in full understanding of the significance and consequence of that decision. Michael Ross has also been provided competent and effective counsel by Attorney Paulding. As to the instant action, Michael Ross responded to the Court's questioning rationally and intelligently. He is quite familiar with all the legal and factual issues raised in this case, has had sufficient time to consider his course of action, has not been under any medication in the last week that would impede his ability rationally to decide whether to join this complaint, and has not been coerced or otherwise pressured into his decision not to pursue this case nor permit his father to do so.

Given Michael Ross' amply demonstrated competence before this Court and other courts, there is no basis for ordering a full evidentiary hearing on the issue of his competency. Nor, given Michael Ross' reasoned and rational decision not to pursue this action, is there any basis for allowing a "next friend" to pursue it on his behalf.

### III. Conclusion

Therefore, the Court DENIES Dan Ross' Motion to Proceed as Next Friend [Doc. # 4]. As Dan Ross lacks standing, his Amended Complaint [Doc. # 19] also is DISMISSED for lack of subject matter jurisdiction. *See* Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *see also Kontrick v. Ryan,* 540 U.S. 443, 455, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004) (holding that a district court may raise lack of subject matter jurisdiction *sua sponte* ). Because this dismissal is predicated only on lack of subject matter jurisdiction, the Court expresses no opinion on the merits of Dan Ross' complaint, the defendants' motion to dismiss, or whether abstention would be appropriate as to any of the legal claims raised in those filings.