**Dan ROSS, Plaintiff–Appellee,**

v.

**M. Jodi RELL, Theresa Lantz, David N. Strange, Christopher L. Morano, and Richard Blumenthal, Defendants–Appellants.**

No. 05–8901.

United States Court of Appeals, Second Circuit.

Jan. 28, 2005.

---

Antonio Ponvert, III, Esq., Koskoff, Koskoff & Bieder, Bridgeport, CT, for Plaintiff-Appellee.

Henri Alexandre, Esq., Steven R. Strom, Esq., Terrance M. O'Neill, Esq., Ann E. Lynch, Esq., Attorney General's Office, Hartford, CT, for Defendants-Appellants.

Present: SACK, KATZMANN, HALL, Circuit Judges.

"As a [temporary restraining order] is interlocutory and is not technically an injunction, it is ordinarily not appealable. However, when a grant or denial of [such an order] 'might have a "serious, perhaps irreparable, consequence," and . . . can be "effectually challenged" only by immediate appeal,' we may exercise appellate jurisdiction." *Romer v. Green Point Savings Bank*, 27 F.3d 12, 15 (2d Cir.1994) (citations omitted). In light of the unusual circumstances of this appeal and the fact that the death warrant in issue will expire before the temporary restraining order the vacatur of which is sought expires, we conclude that the consequences of the temporary restraining order are sufficiently serious to require us to hear this appeal.

In light of the decision of the United States Supreme Court in *Lantz v. Ross*, 2005 WL 180484 (Jan. 27, 2005), vacating the district court's January 24, 2005, stay of execution of Michael B. Ross entered in

that litigation, and our careful review of the novel allegations contained in the amended complaint of Plaintiff–Appellee Dan Ross filed January 27, 2005, and the law applicable thereto, we conclude that Plaintiff–Appellee Ross did not establish in the district court a likelihood of success on the merits of his claims or raise sufficiently serious questions on the merits to make them a fair ground for litigation. *See, e.g., Covino v. Patrissi,* 967 F.2d 73, 76 (2d Cir.1992); *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.,* 596 F.2d 70, 72 (2d Cir.1979). We have not been directed to, nor have we ourselves found, any case law of the United States Supreme Court or any other federal appellate court that establishes a right of a relative of a person subject to a lawful death warrant to challenge the sentence or the warrant on his or her own behalf. We note, moreover, that although it did not have access to all the material that has now been submitted to us, some of which may raise troubling questions in the context of the issues litigated in *Lantz v. Ross,* the implications of the Supreme Court's one-sentence order vacating the stay in *Lantz v. Ross* leave little room to argue to this Court in this appeal that Michael Ross is incompetent for these purposes. We therefore conclude that the entry of the Temporary Restraining Order by the court was an abuse of discretion. *See, e.g., Motorola Credit Corp. v. Uzan,* 322 F.3d 130, 135 (2d Cir.2002) (per curiam) (reviewing preliminary injunction for abuse of discretion).

It is therefore hereby ORDERED, ADJUDGED and DECREED that the emergency motion to vacate the Temporary Restraining Order is GRANTED and said Temporary Restraining Order is VACATED. We stay this order until Sunday, January 30, 2005, at 12:01 A.M., in order to permit Plaintiff–Appellee Ross to seek such further review as he may deem warranted.