**Michael B. ROSS, by his next friend, Donna DUNHAM, Petitioner–Appellant,**

v.

**Theresa LANTZ, Commissioner of Corrections, et al., Respondents–Appellees.**

No. 05–8902.

United States Court of Appeals, Second Circuit.

Argued: May 12, 2005.

Decided: May 12, 2005.

En banc rehearing denied sua sponte: May 12, 2005.

Opinion revised: May 16, 2005.

Diane Polan, Esq., Law Office of Diane Polan, Esq., New Haven, CT, Eric M. Freedman, Esq., New York, NY, for Petitioner–Appellant.

Jo Anne Sulik, Esq., Michael E. O'Hare, Esq., Chief State Attorney's Office Civil Litigation Bureau, Rocky Hill, CT, for Respondents–Appellees.

Present: SACK, KATZMANN, HALL, Circuit Judges.

PER CURIAM.

Michael B. Ross is scheduled to be executed by the State of Connecticut at 2:01 a.m. on Friday, May 13, 2005, having declined to pursue further any available state or federal avenues of collateral review of his convictions or death sentences. Mr. Ross's sister, Donna Dunham, purporting to be his "next friend," seeks a stay of Mr. Ross's execution. We summarize briefly the procedural history of this matter.

Michael Ross was sentenced to death in 1987 after being convicted of six counts of capital felony. *State v. Ross,* 237 Conn. 332, 334, 677 A.2d 433 (1996). Subsequent legal proceedings included the overturning of all six separate death sentences along with a remand for a new sentencing hearing; an attempt by Ross, rejected by the trial court, to stipulate to the death penalty by agreement with the state; and the re-imposition of the death penalty after a second penalty hearing. *State v. Ross,* 272 Conn. 577, 579–80, 863 A.2d 654 (2005).

After these new death sentences were affirmed by the Supreme Court of Connecticut in 2004, *State v. Ross*, 269 Conn. 213, 392, 849 A.2d 648 (2004), Ross notified the state Superior Court in September 2004 that he would not pursue further appeals and requested that an execution date be set. Conn. Sup. Court Apr. 22, 2005 Mem. of Decision re: Competency and Voluntariness at 2.

In January of this year, in two separate lawsuits, two persons attempted to assert "next friend" status, which would permit them to bring either a section 1983 action or a petition for a writ of habeas corpus on Ross's behalf despite his oft-repeated statements of unwillingness to do so himself. The section 1983 action, brought by Ross's father, Dan Ross, was denied by the United States District Court for the District of Connecticut (Droney, *J.*) after a January 7, 2005 hearing. *Ross v. Rell*, 2005 WL 61494, at *2–*3 (D.Conn. Jan.10, 2005), 2005 U.S. Dist. LEXIS 245, at *7–*9. That decision was not appealed to us.

Subsequently, in response to a similar petition filed in the same court by Gerard A. Smyth, Chief of the Connecticut Office of the Public Defender, the district court (Chatigny, *J.*) granted a stay of execution. *See Ross v. Lantz*, 2005 WL 162479, at *4 (D.Conn. Jan.25, 2005), 2005 U.S. Dist. LEXIS 908, at *13. We declined to vacate the stay, but we dismissed the appeal to us in order to permit the district court to establish a factual record upon which Smyth's standing as "next friend" could be reviewed. *Ross v. Lantz*, 396 F.3d 512, 515 (2d Cir.2005). The Supreme Court, however, in a 5–4 vote, promptly vacated the stay. *Lantz v. Ross*, —— U.S. ——, 125 S.Ct. 1117, 160 L.Ed.2d 1091 (2005).

Dan Ross then sought to bring an action under 28 U.S.C. § 1983 against various Connecticut officials asserting a constitutional right not to be deprived by the state of his association with his son and alleging that the state's prison conditions had made his son incompetent to waive further proceedings. The court (Chatigny, *J.*) again issued a restraining order prohibiting Michael Ross's execution. *Ross v. Rell*, 2005 WL 181883, at *2 (D.Conn. Jan.26, 2005), 2005 U.S. Dist. LEXIS 1004, at *4. This time we vacated the order. *Ross v. Rell*, 398 F.3d 203, 205 (2d Cir.2005). Although we noted that certain additional material submitted to us raised "troubling questions," we thought ourselves compelled to conclude: "[T]he implications of the Supreme Court's one-sentence order [vacating the stay] in *Lantz v. Ross* leave little room to argue to this Court in this appeal that Michael Ross is incompetent for these purposes." *Id.*

Shortly before the execution was to be carried out on January 29, 2005, it was postponed at the request of Ross's attorney, and with the agreement of Ross and the state. Ross's attorney, who had previously been assisting Ross in arguing that he was competent and entitled to waive further appeals, was apparently concerned that a potential conflict of interest might prevent him from continuing to advocate that position effectively. Conn. Sup. Court Apr. 22, 2005 Mem. of Decision re: Competency and Voluntariness at 3–4; *State v. Ross*, 273 Conn. 684, 694–95, 873 A.2d 131, 138–39 (May 9, 2005). Soon thereafter, Ross filed a motion requesting that the Superior Court reopen its competency hearing. On February 10, 2005, to assuage the concerns of Ross's attorney about a potential conflict of interest, the Superior Court appointed Thomas J. Groark, Jr., Esq., as special counsel to investigate and present evidence that Ross was in fact *not* competent to waive his appeals. Conn. Sup. Court Apr. 22, 2005 Mem. of Decision re: Competency and Voluntariness at 4. After after six additional days of adversary evidentiary hearings,

the Superior Court concluded in a Memorandum of Decision issued April 22, 2005, that Ross's decision not to seek further appeals "is both competent and voluntary." *Id.* at 21.

The special counsel appealed that ruling, and on May 9, 2005, the Supreme Court of Connecticut affirmed the Superior Court's determination. *State v. Ross,* 273 Conn. 684, 873 A.2d 131 (May 9, 2005). We observe that the special counsel conceded on appeal that "death row syndrome," which had earlier been urged in both the District Court and this Court as a basis for questioning Ross's competence, was not part of his case to the Superior Court. May 5, 2005 Transcript at 23. The special counsel has not appealed or sought collateral relief from the state Supreme Court's affirmance.

While the special counsel was pursuing his appeal, the petitioner in this case, Donna Dunham, filed her petition in Connecticut Superior Court. Dunham also seeks to proceed as "next friend" of Ross. May 6, 2005 Dunham Petition for Writ of Habeas Corpus at 5. The Superior Court denied that petition and the Supreme Court dismissed her related writ of error on May 11, 2005. *Ross v. Lantz,* No. SC 17432 (May 11, 2005) (order). On May 12, the district court denied Dunham's habeas corpus petition under 28 U.S.C. § 2254 challenging the final decision of the state Supreme Court. Ms. Dunham now seeks a stay of execution to allow her to appeal.

■ "It is well established ... that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." *Whitmore v. Arkansas,* 495 U.S. 149, 154, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990). For the federal courts to have jurisdiction over this petition for a writ of habeas corpus, then, Donna Dunham, purporting to be, in legal parlance, petitioner Ross's "next friend," must establish that she is legally that, and therefore that she has standing to bring the petition on his behalf.

■ According to the Supreme Court, speaking in *Whitmore,*

Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

*Id.* at 163–64, 110 S.Ct. 1717 (citation omitted). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164, 110 S.Ct. 1717.

■ Having carefully reviewed the extensive proceedings that have taken place in Connecticut state courts relating to Michael Ross's "competence," the "voluntary" nature of his waiver of further proceedings, and related issues since our decision in *Rell,* we are firmly convinced that Ms. Dunham has no room to argue that Michael Ross is incompetent or otherwise disabled for these purposes. The "prerequisite for 'next friend' standing is not satisfied where an evidentiary hearing shows that the defendant has given a knowing, intelligent, and voluntary waiver of his right to proceed, and his access to court is otherwise unimpeded." *Id.* at 165, 110 S.Ct. 1717. Ms. Dunham, like Dan Ross before her, has not carried her burden by "provid[ing] an adequate explanation—

such as inaccessibility, mental incompetence, or other disability—why [Ross] cannot appear on his own behalf to prosecute the action."

The Superior Court concluded after the most recent state competency hearings that "Michael Ross'[s] decision to waive his right to further postconviction relief is knowing, intelligent, and voluntary." Conn. Sup. Court Apr. 22, 2005 Mem. of Decision re: Competency and Voluntariness at 21. The district court in the proceeding now before us, deciding whether Ms. Dunham can represent Michael Ross as his next friend, reviewed the evidence and, combined with its own observations of Michael Ross made in the January 7, 2005, district court proceedings, concluded that Michael Ross:

> has made a knowing and voluntary waiver of his right to bring further postconviction legal action, one which was uncoerced and made in full understanding of the significance and consequences of that decision.

*Ross v. Lantz*, 2005 WL 1124704, at *4 (D.Conn, May 12, 2005). This and the state court factual findings foreclose the possibility of next friend standing for Dunham in this case.*

· The record demonstrates that in this Court and elsewhere, the rights of Michael Ross have been afforded extensive due process protections irrespective of whether he has sought or even affirmatively resisted such efforts. And, as the state continues to concede, Ross can, at any moment prior to his execution, reverse course and invoke his right to seek further proceedings to overturn his conviction or death sentence.

We conclude that Ms. Dunham has not met her burden to establish that she has standing to act in these proceedings as Mr. Ross's next friend. We note in that regard that although she could not in fact seek to bring this habeas petition until the Supreme Court of Connecticut ruled, she and her extraordinarily capable counsel have known for months that such a proceeding was likely, have had access to the transcripts of the April hearings before Judge Clifford for some days, and therefore had a sufficient opportunity to prepare for submitting the necessary evidence if it existed.

Because we think that Ms. Dunham has not demonstrated that the issue with respect to her standing as next friend is "debatable among jurists of reason," *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983) (citation and internal quotation marks omitted), the motion for a stay is DENIED.

---

* We do not imply any judgment on our part with respect to the correctness of the legal conclusions of the Supreme Court of Connect- icut addressing "voluntariness," "competence" and related issues. *See State v. Ross,* 273 Conn. 684, 873 A.2d 131 (May 9, 2005).