**UNITED STATES of America**

v.

**Adrian SPEED, Appellant.**

**No. 08–4717.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Jan. 28, 2010.

Filed: March 5, 2010.

---

George S. Leone, Esq., John F. Romano, Esq., Office of United States Attorney, Newark, NJ, for Appellee.

James C. Patton, Esq., Livingston, NJ, for Appellant.

Before: FUENTES and FISHER, Circuit Judges, and DIAMOND,* District Judge.

## OPINION OF THE COURT

FISHER, Circuit Judge.

Adrian Speed appeals from a criminal conviction in the United States District Court for the District of New Jersey. Speed was found guilty of one count of conspiracy to commit an offense against the United States, in violation of 18 U.S.C. § 371, for his efforts to pass, utter, or publish United States Treasury checks bearing a falsely made or forged endorsement or signature, in violation of 18 U.S.C.

---

* Honorable Paul S. Diamond, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

§ 510(a). For the reasons stated herein, we will affirm.

## I.

We write exclusively for the parties, who are familiar with the factual context and legal history of the case. Therefore, we will set forth only those facts necessary to our analysis.

In early 2006, the United States Treasury issued two sisters, Maria and Sandra Barreto, their individual 2005 tax refund checks. The checks were mailed to an apartment where the two sisters formally resided but that Jeffery Lawton at that time occupied. Rather than return them, Lawton gave the checks to Darral Black, a longtime friend of appellant Speed.

On March 24, 2006, Black met Speed outside of the 416 Federal Credit Union in North Brunswick, New Jersey ("Credit Union"). Black gave Speed the $5,829 tax refund check issued to Maria Barreto ("Maria"), and Speed deposited the check into his bank account. On March 28, 2006, after Maria's check cleared, Speed withdrew all but $29 of the deposited check from his account and gave the money to Black. Black, in turn, paid Speed $40. On that same day, Black gave Speed the $4,544 tax refund check issued to Sandra Barreto ("Sandra"), which Speed also deposited into his Credit Union account. As before, once the check cleared, Speed withdrew all but $20 of the check and gave the money to Black in exchange for an additional $50. Each check contained Speed's endorsement and either Maria's or Sandra's forged signature.

The Barreto sisters eventually inquired into the whereabouts of their tax refunds, and the United States Secret Service launched an investigation, which ultimately led to the indictment of Lawton, Black, and Speed.[1] At Speed's trial, Suzanne Perez, the Credit Union teller that processed Speed's transaction, testified that an older woman accompanied Speed during each incident. Perez stated that Speed identified the woman as his neighbor and the payee of the check and that the woman signed the check in her presence.[2] A second Credit Union employee, Ellen Wilson, also testified that an older woman was with Speed when he deposited Maria's check.

At the close of the Government's case, Speed moved for an acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, which the District Court denied. Speed then testified in his own defense. Speed stated that he had never met either of the Barreto sisters prior to depositing their checks into his bank account. Speed testified that he deposited the checks as a favor to Black after Black explained that two employees in his cleaning business needed assistance with cashing their checks. Although he admitted that he was aware of Black's criminal history, Speed stated that he believed Black's statement to him that the checks were legitimate. Finally, Speed denied that he was accompanied by anyone when making the deposits. Speed did not renew his Rule 29 motion for acquittal after the close of evidence.

On April 3, 2008, the jury returned a verdict of guilty. Speed did not file any

---

**1.** Lawton and Black each pled guilty to one count of conspiracy to commit an offense against the United States, in violation of 18 U.S.C. § 371, for their efforts to pass, utter, or publish United States Treasury checks with forged endorsements, in violation of 18 U.S.C. § 510(a). Both have been sentenced, and neither has appealed.

**2.** Perez did not ask the woman for identification, nor did she notice that the same woman purported to be two different individuals during a four-day period.

post-trial motions and, on November 6, 2008, the District Court sentenced Speed to three years of probation and ordered him to make restitution in the amount of $10,373, to be paid jointly with Lawton and Black. Speed filed a timely notice of appeal.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We review sufficiency claims under a plain error standard when the defendant fails to make a timely motion for acquittal before the District Court. *United States v. Gordon,* 290 F.3d 539, 547 (3d Cir.2002). We exercise plenary review over a challenge to the propriety of a willful blindness instruction. *United States v. Wert–Ruiz,* 228 F.3d 250, 255 (3d Cir.2000).

## III.

Speed appeals his criminal conviction on two grounds. First, Speed argues that the evidence offered by the Government is legally insufficient to support the jury verdict. Second, Speed contends that the District Court erred in charging the jury with a willful blindness instruction. We will address each argument in turn.

## A.

■ Speed contends that he is entitled to a judgment of acquittal because the evidence offered by the Government at trial is legally insufficient to establish that he knowingly participated in a conspiracy to defraud.

Normally, the standard of review for a sufficiency challenge is "particularly deferential," requiring this Court to "view the evidence in the light most favorable to the government, and [ ]sustain the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v.*

*Soto,* 539 F.3d 191, 194 (3d Cir.2008) (quotations and citations omitted). Here, however, Speed failed to preserve his right to appeal his conviction on sufficiency grounds. Speed neither renewed his Rule 29 motion for acquittal at the close of all the evidence nor filed any post-trial motions raising a sufficiency argument. Therefore, we will review Speed's sufficiency claim under a plain error standard. *See Gordon,* 290 F.3d at 547 ("Because [the defendant] did not file a motion for acquittal pursuant to Fed.R.Crim.P. 29(c), we review [his sufficiency] claim under a plain error standard."). "A conviction based on insufficient evidence is plain error only if the verdict 'constitutes a fundamental miscarriage of justice.'" *United States v. Thayer,* 201 F.3d 214, 219 (3d Cir.1999) (quoting *United States v. Barel,* 939 F.2d 26, 37 (3d Cir.1991)).

Here, our review of the record reveals no plain error. To obtain a conviction under § 510(a)(2), the Government must prove the following beyond a reasonable doubt: "(1) that the defendant passed or attempted to pass a United States Treasury Check; (2) that the check bore a forged or falsely made endorsement; (3) that the defendant passed the check with intent to defraud; and (4) that the defendant acted knowingly and willfully." *Bobb v. Att'y Gen.,* 458 F.3d 213, 227 (3d Cir. 2006). Contrary to Speed's assertion, there is evidence from which a jury could reasonably infer that Speed did act knowingly and willingly, and with the intent to defraud. Speed testified that he had never met either of the Barreto sisters prior to depositing their checks into his bank account. Perez, however, testified that Speed was accompanied by a woman whom Speed identified as the payee of the Barreto checks each time Speed deposited one of the checks into his account, and a second bank employee also testified to the woman's presence during the first deposit.

This evidence, taken as a whole, supports the inference that Speed knowingly participated in a conspiracy to defraud. Although Speed testified that he entered the bank alone, it is not our role to weigh the credibility of witnesses. *See United States v. Brodie*, 403 F.3d 123, 133 (3d Cir.2005) ("Courts must be ever vigilant in the context of Fed.R.Crim.P. 29 not to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting its judgment for that of the jury."). Therefore, we find no plain error in the jury's conviction.

### B.

■ Speed also argues that the District Court erred in charging the jury with a willful blindness instruction[3] because the evidence did not support an inference of deliberate ignorance.

We will uphold a willful blindness instruction if it is supported by sufficient evidence that the defendant deliberately avoided knowledge of the presence of a scheme to defraud. *Wert–Ruiz*, 228 F.3d at 255. "In evaluating the charge, we view the evidence and the inferences drawn therefrom in the light most favorable to the Government." *Id.* Here, there is sufficient evidence that Speed kept himself in a state of deliberate ignorance. Speed used his personal bank account to cash two sizeable checks payable to two women he had never met. Although Black allegedly told Speed that the checks were legitimate, Black, who Speed knew had a criminal history, offered Speed nothing in support of this statement. Speed likewise did not ask for any documentation identifying the employees or for any explanation as to why the employees could not cash their checks through more conventional means. *See United States v. Stone*, 987 F.2d 469, 471–72 (7th Cir.1993) (holding that an equivalent to the willful blindness instruc-

tion was proper in a § 510(a) case where the defendant failed to confirm that the individual for whom he was cashing the check was the payee and accepted $100 in payment for his assistance). Therefore, since there is sufficient evidence of deliberate ignorance, the willful ignorance instruction was proper.

### IV.

For the foregoing reasons, we will affirm the District Court's judgment of conviction.

---

**3.** Speed's brief refers to the charge as a "con- scious avoidance" instruction.