Elizabeth THOMAS, Plaintiff–Appellant,

v.

BARRETT, DAFFIN, FRAPPIER, TURNER & ENGEL LLP. FKA Barrett, Barrett, Burke, Wilson, Castle, Daffin & Frappier, LLP, et al., Defendants–Appellees,

Ndex West LLC, et al., Defendants.

No. 12–3223–cv.

United States Court of Appeals, Second Circuit.

Sept. 18, 2013.

Elizabeth Thomas, pro se, Tomball, Texas, on submission, for Plaintiff-Appellant.

Jeffrey G. Stark, Forchelli, Curto, Deegan, Schwartz, Mineo, Cohn & Terrana, LLP, Uniondale, New York, and Melissa J. Armstrong, Baker Botts LLP, New York, New York, on submission, for Defendants–Appellees.

PRESENT: WALKER, DEBRA ANN LIVINGSTON, and DENNY CHIN, Circuit Judges.

## SUMMARY ORDER

Appellant Elizabeth Thomas, proceeding *pro se,* appeals from the district court's order dismissing her claims against Appellee Barrett, Daffin, Frappier, Turner & Engel LLP (the "Barrett firm") for lack of personal jurisdiction and dismissing her claims against Appellees The Dolan Company and American Processing Company, and defendant NdeX West, LLC (the "Dolan companies"), based upon judicial estoppel. She further appeals from the district court's order denying reconsideration of these decisions and denying her motion to transfer her case to the Southern District of Texas. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The issue of standing is a threshold jurisdictional issue, which a federal court must entertain before reaching the merits of the case. *Ross ex rel. Dunham v. Lantz,* 408 F.3d 121, 123 (2d Cir.2005) (per curiam). Federal courts must examine the issue of standing whether or not it is raised by the court below or the parties. *Juidice v. Vail,* 430 U.S. 327, 331, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977). This is because a federal court considering a matter that is not a case or controversy, and therefore not delegated to the federal judiciary under Article III, would "violate principles of separation of powers." *Connecticut v. Physicians Health Servs. of Conn., Inc.,* 287 F.3d 110, 116 (2d Cir. 2002).

Under 11 U.S.C. § 541(a)(1), the commencement of a bankruptcy case creates an estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." The bankruptcy estate includes future, nonpossessory, contingent, speculative, and derivative interests, along with all causes of action "owned by the debtor or arising from property of the estate." *Chartschlaa v. Nationwide Mut. Ins. Co.,* 538 F.3d 116, 122 (2d Cir.2008). Property acquired after the filing of a bankruptcy petition, although normally not part of the estate, will vest in the estate if it is derived from property that was part of the estate as of the commencement of the bankruptcy. *See id.* (citing 11 U.S.C. § 541(a)(6)). Where legal claims become part of a bankruptcy estate, the debtor lacks standing to bring these claims, in the absence of circumstances not present here. *See id.* at 123.

Although the district court dismissed Appellant's claims against the Dolan companies because she had failed to disclose them in a bankruptcy action and was therefore judicially estopped from pursuing them, it noted in passing that dismissal of these claims was also appropriate because Appellant lacked standing, as the claims were properly part of the bankruptcy estate. We conclude that the district court did not err in determining that Appellant's claims against the Dolan companies vested in the bankruptcy estate because they were derived from property that was part of the estate. As a result, Appellant lacks standing with respect to her claims against the Dolan companies, and we affirm the district court's dismissal of these claims for this reason.

Additionally, although the district court dismissed Appellant's claims against the Barrett firm for lack of personal jurisdiction, it later noted that Appellant would

also be judicially estopped from pursuing these claims for substantially the same reasons that she was estopped from pursuing her claims against the Dolan companies. We agree, and the same facts that support this finding demonstrate that Appellant lacked standing to pursue these claims as well. As a result, we affirm the district court's dismissal of the claims against the Barrett firm, and we similarly affirm the district court's rejection of the arguments in Thomas's motion to reconsider or transfer.

We have considered all of Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the orders of the district court.